*Monroe* for appellants: *Morehead & Reed and Cates & Lindsey* for appellee.

MILLER
*vs*
MALONY.
of the trustee, who is estopped.

---

## Miller *vs* Malony.

· ERROR TO THE LOUISVILLE CHANCERY COURT.

*Incorporated Companies.    Assignments in Equity.*

JUDGE EWING delivered the opinion of the Court.

CHANCERY.

Case 32.

*September 30.*

The case stated.

MALONY subscribed five shares of $100 each to the Louisville and Elizabethtown Turnpike Road Company. Afterwards he recovered judgment against Miller individually for $300, for work and labor done on the road, and the company assigned to him $300 of the amount of Malony's subscription, and Miller filed his bill charging those facts, and that regular calls had been made upon Malony for payment, and the regular steps as required by the charter taken to obtain it, and the company had not been able to collect from him any part of it, though the whole amount was long since due, and that Malony was insolvent, and no part of it could be coerced from him. Miller prayed, therefore, that the amount of the subscription assigned to him might be off-set against Malony's judgment against him ; also, that a judgment which he,

Miller, had recovered against him in this Court, might be off-set by said claim assigned to him. The Chancellor sustained a demurrer to the complainant's bill, and he has brought the case to this Court.

We think the demurrer was improperly sustained, though the company might not have the power to transfer to Miller the subscription of Malony, so as to confer upon him the *legal* right to sue in his own name, and if they could, could not confer on him that right by a transfer of a part only of the demand, yet they have a right to the money due, and it was competent for them to assign and set it over in whole or in part, to the *use* of Miller, and such assignment or setting over invested Miller with the equitable right to the amount so assigned or set over, and to the right in equity to ask that the amount may be off-set against so much of Malony's judgment, he being insolvent; but the more especially should Miller's set-off be allowed in the present case, as the judgment of Malony is for work and labor done on the very road to which he was a subscriber.

A Chancellor is never controlled by the legal assignability of the instrument evidencing the demand, but looks to the *use*, and affords remedy to those who are *equitably entitled* to the *money* due.

Decree reversed, and cause remanded, that the demurrer may be overruled.

*Loughborough* for plaintiff.

*The Louisville & Elizabeth Turnpike Road Company may in equity assign the amounts due them for subscriptions.*

*The Chancellor is not controlled by the legal assignability of a demand, but looks to the use.*